IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0088 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner MARCO ANTONIO ROMERO has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of sexual assault. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On August 17, 2000, in Cause No. CR-00H-108, petitioner was indicted in the 222nd Judicial District Court of Deaf Smith County, Texas, for the offense of sexual assault, a second degree felony. *See* Tex. Penal Code § 22.011(a)(1)(A), (f) (Vernon 2000). The indictment alleged a 1981 burglary of a habitation felony conviction for purposes of enhancing the offense to a first degree felony. *See* Tex. Penal Code § 12.42(b) (Vernon 2000). On January 16, 2003, petitioner, pursuant

to a plea agreement, pled guilty to the offense of sexual assault and true to the enhancement paragraph. Pursuant to a plea agreement, the trial court assessed petitioner's punishment at confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for ten (10) years. Petitioner did not directly appeal his conviction and sentence to the appropriate state appellate court.

Petitioner sought review of his conviction by way of a state application for habeas corpus relief. On October 1, 2003, the Texas Court of Criminal Appeals dismissed such petition for failure to comply with state appellate rules. *In re Romero*, No. 57,138-01. On October 28, 2003, petitioner filed a second state writ with the state trial court. On March 24, 2004, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Romero*, No. 57,138-02.

On April 9, 2004, petitioner filed the instant application for federal habeas relief with this Court.[1] On July 16, 2004, respondent filed his answer opposing federal habeas corpus relief.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel because trial counsel allowed petitioner to plead guilty to a 10-year sentence, the maximum sentence for the 3rd degree felony with which petitioner was charged;

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

2. There was factually insufficient evidence to support petitioner's conviction of sexual assault because the facts did not demonstrate the absence of the victim's lack of consent and there was only one witness against petitioner; and

3. Petitioner's right against self-incrimination was violated.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of

Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

## IV.
## MERITS

### A. Ineffective Assistance of Counsel

By his first ground, petitioner appears to argue counsel was ineffective for failing to secure a more favorable plea bargain for petitioner. Specifically, petitioner appears to argue counsel was deficient in negotiating, in exchange for petitioner's guilty plea, a 10-year sentence. Petitioner alleges the maximum sentence for the 3rd degree felony with which he was charged was only ten (10) years.

In his state habeas application, with regard to this ground, petitioner alleged only, "Deniel [sic] of effective assistance of counsel. Marco Romero challenges conviction." Petitioner did not identify or allege any specific instances of ineffectiveness. Petitioner's state habeas claim was nothing more than a conclusory allegation which failed to apprise the state court of the facts on which his claim was based. Petitioner now, in this federal habeas application, adds entirely new factual allegations of ineffectiveness. The state courts were not given an opportunity to properly investigate these complaints of ineffective assistance of counsel.

The exhaustion doctrine set forth in 28 U.S.C. § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). If a claim is not presented to the State's highest court for consideration, then such a claim is

not exhausted. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Petitioner has not sufficiently exhausted his available state court remedies with regard to his first ground one alleging ineffective assistance of counsel.

Further, petitioner would be precluded, by the Texas abuse of the writ doctrine, *see* Tex. Code Crim. Proc. Ann. art. 11.07 § 4 , from raising this specific factual allegation of ineffective assistance in a future state habeas application. *See* Tex. Code Crim. Proc. Art. 11.07 § 4. If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'," then the claim is procedurally defaulted.[2] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In other words, when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default." *Id.* (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)). Here, because petitioner failed to exhaust his specific factual claim of ineffective assistance of counsel, said claim is procedurally defaulted.

There is, however, a "cause and prejudice" exception to the bar for failure to exhaust. "When the ground upon which the petitioner relies for habeas relief was not exhausted in state court

---

[2] The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

and state procedural rules would bar subsequent presentation of the argument," this Court will not consider petitioner's unexhausted claim absent 'cause' and 'prejudice.'" *Beazley v. Johnson*, 2001 WL 118393, *15 (5th Cir. 2001) (quoting *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)).  Federal habeas relief will not be granted on a procedurally defaulted claim <u>unless</u> the petitioner can demonstrate *both* good cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Id.* (citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.) , *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998) (pre-AEDPA);  *Nobles,* 127 F.3d at 423 n. 33 (post-AEDPA); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (post-AEDPA); *cf. United States v. Flores*, 135 F.3d 1000, 1006 n. 23 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (post-AEDPA, section 2255)).

Petitioner has not argued, much less demonstrated, just cause for his failure to raise the factual basis for his ineffective assistance of counsel claim in his state court proceeding.  The undersigned finds no factors constituting just cause for petitioner's failure to raise his factual allegation before the state's highest court.  The factual support for this claim was readily apparent at the time petitioner's state habeas application was filed and petitioner could have included such in his state action.  Because petitioner has failed to show sufficient cause for his state procedural default, a "prejudice" analysis is not necessary.  Further, the failure to consider the claim will not result in a fundamental miscarriage of justice.  Petitioner's ineffective assistance of counsel claim has been procedurally defaulted as a result of petitioner's failure to exhaust at the state court level, it is not cognizable in federal habeas proceedings, and should be dismissed.

Further, petitioner's claim of ineffective assistance of counsel should also be dismissed because it was waived by his guilty plea.

> A valid guilty plea waives all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntary nature of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). If a defendant enters a guilty plea on the advice of counsel, whether the plea was voluntary and knowing turns on whether the advice rendered was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To prove ineffective assistance of counsel, the defendant must prove that his counsel's performance was both deficient and prejudicial to him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, the defendant must show that, but for his counsel's errors, he would not have pleaded guilty and would have insisted upon going to trial. *Hill*, 474 U.S. at 57-58; *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988).

*Gilbert v. Anderson*, 116 F.3d 1476 (5th Cir. 1997). Here, petitioner solemnly admitted in open court that he was in fact guilty of the offense with which he was charged. Consequently, petitioner may not now raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of his guilty plea, *to wit*: ineffective assistance of counsel in securing the plea agreement. Petitioner has not attacked the voluntary and intelligent character of his guilty plea by showing the advice he received from counsel was not adequate, nor has petitioner alleged or shown his guilty plea was not voluntarily or knowingly entered. Petitioner's claim of ineffective assistance of counsel should, alternatively, be dismissed as having been waived.

Even if this Court were to consider the merits of petitioner's claim, petitioner has not demonstrated ineffective assistance of counsel. Petitioner was charged with a 1st degree felony rather than a 3rd degree felony as petitioner contends.[3] Consequently, the possible range of punishment for the charged offense was 5-99 years, rather than the 2-10 years petitioner contends

---

[3] Petitioner states, "Upon Romero's second appearance to court, Judge H. Bryan Poff, Jr. said 3rd degree felony, two to ten years." The state court records provided to this Court provide no transcript of any preliminary appearances.

was his punishment exposure. Petitioner has not shown counsel was deficient in securing a 10-year sentence recommendation as part of the plea agreement, considering the possibility of a much greater sentence if petitioner proceeded to trial. If petitioner's first ground is not dismissed as unexhausted, it should, alternatively, be denied on the merits.

### B. Factual Sufficiency of the Evidence

Petitioner argues the evidence was factually insufficient to support his conviction for sexual assault because the victim assisted in the sex act, did not resist the sex act, "was not compelled to go against her will," and "had removed all of her clothing." Petitioner claims not only was there insufficient factual evidence to show the victim's lack of consent, but also argues there "must be more than a single witness" to support a conviction. Petitioner raised this allegation on state habeas review and such claim was denied without written order.[4]

Petitioner waived this non-jurisdictional claim by the entry of his guilty plea and, thus, this claim should be dismissed. *See Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Further, factual insufficiency of the evidence claims are not cognizable on federal habeas corpus review. In challenges to state convictions under 28 U.S.C. § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be satisfied. Petitioner's factual sufficiency of the evidence claim does not raise a claim that is cognizable on federal habeas corpus review and should be dismissed.

---

[4] Under Texas law, a claim of insufficiency of the evidence is not cognizable in a post-conviction application for a writ of habeas corpus. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex.Crim.App.1994), *citing Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.1982); *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex.Crim.App.1981).

### C. Violation of Right Against Self-Incrimination

Petitioner appears to argue his right against self-incrimination was violated because he was interrogated and photographed concerning the sexual assault charge when he had gone to the police only to report the victim's associates had attempted to murder him. Petitioner also appears to argue his right against self-incrimination was violated because he was injured from the attempted murder and the police instructed his doctor not to give him any pain medication.

This non-jurisdictional claim was waived by petitioner's guilty plea. *See Brown v. Butler*, 811 F.2d 938, 940 (5th Cir. 1987). Consequently, petitioner's third ground should be dismissed. Even if this Court were to consider petitioner's claim, the allegations are conclusory and without merit.

### D. Conclusion

By his application, petitioner appears to primarily assert he is innocent of the sexual assault offense of which he was convicted. Petitioner, however, admitted his guilt of the charged offense when he entered a guilty plea. Solemn declarations in open court carry a strong presumption of verity. *United States v. Adam*, 296 F.3d 327 (5th Cir. 2002). The record does not indicate petitioner pled guilty while maintaining his innocence. Nor does the record reflect any of petitioner's denials of responsibility took place until after he had entered into a plea agreement with the State and after the state trial court had accepted his plea. The judgment reflects the state trial court proceeded to hear evidence from the State and petitioner and, having heard argument of counsel, found there was sufficient evidence to support petitioner's guilty plea. Petitioner's guilty plea thus had a factual basis for his conviction of the charge set forth in the indictment.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARCO ANTONIO ROMERO be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of December 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report

and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).